IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH DARRYL LEE
    Plaintiff,

vs.                                          Case No.: 3:17cv656/MCR/EMT

MICHAEL JONES, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 7). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted).  And "bare assertions"

that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff's claims relate to a criminal conviction for murder obtained against him in 1996. Plaintiff asserts that his counsel held a conflict of interest during his representation (ECF No. 7 at 5). Plaintiff also claims that DNA testing performed on blood that was collected at the scene of the crime did not match with his, but that he

was not informed of this at the time he entered his plea (*id.*).[1] Finally, Plaintiff asserts that one of the Defendant officers impermissibly testified at trial[2] to the effect that Plaintiff had something on his mind that he wanted to talk about, that another Defendant officer attempted to obtain Plaintiff's confession by "planting" another inmate in his jail cell, and that Plaintiff's co-Defendant was found not guilty under the same evidence (*id.*). Plaintiff thereby claims various constitutional violations, for which he seeks monetary damages in the amount of 16 million dollars.

Plaintiff had two successful appeals of his conviction in 1997 and 1999. The first appeal included the ground that Plaintiff's counsel labored under a conflict of interest, while the second one included Plaintiff's claim regarding the law enforcement officer's testimony that Plaintiff appeared to have something on his mind. Following these reversals, Plaintiff entered a plea of nolo contendere on July 21, 1999, and was sentenced to 33 years in prison. *See* ECF No. 7, exs. A, C; Lee v. State, 690 So. 2d 664 (Fla. 1st DCA 1997); Lee v. State, 729 So. 2d 975 (Fla. 1st DCA 1999); *see also* Escambia County Clerk of Court Website, at http://74.174.28.52/BMWebLatest/CourtCase.aspx/Details/641576?digest=IRFIqq

---

[1] Plaintiff learned of the DNA results no later than October 2003, during a post-conviction evidentiary hearing (*see* ECF No. 7 at 5).

[2] As explained below, Plaintiff entered a plea after his conviction following a trial was reversed on appeal.

wJDpHQZc4cnzknZg. Plaintiff first moved unsuccessfully to withdraw his plea, then unsuccessfully challenged his plea on grounds of incompetency, and then in 2010 he again challenged his plea on the issue concerning DNA testing. *See* Escambia County Clerk of Court Website, *supra*. That latest challenge was denied by the Escambia County Court, whose ruling was affirmed on appeal on October 1, 2010. *See* Escambia County Clerk of Court Website, *supra*. Plaintiff was released from the Florida Department of Corrections on August 19, 2011 (*see* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber= 204463&TypeSearch=IR).[3]

Plaintiff's claims are subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny. The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also* Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Regardless

---

[3] The doctrine of judicial notice permits a judge to consider its own court dockets and opinions therein. *See* Fed. R. Evid. 201(b); McDowell Bey v. Vega, 588 F. App'x 923, 926–27 (11th Cir. 2014); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005). The court may also take judicial notice of documents filed in other judicial proceedings for limited purposes such as noting the subject matter of the litigation and the issues that were decided. Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).  By extension of this principle, the Supreme Court held in Heck that in order to pursue a civil rights action for damages based on an unlawful or invalid conviction or sentence, the litigant must first prove, through habeas corpus or similar means, that the conviction or sentence has been overturned.  See Heck, 512 U.S. at 486–87, 114 S. Ct. at 2372.  If the civil rights action is brought prior to the invalidation of the challenged conviction or sentence, the action must be dismissed as premature. *Id.* at 487, 114 S. Ct. at 2372.  All of Plaintiff's claims pose direct challenges to his conviction, and their success depends upon Plaintiff being able to invalidate that conviction.

Even though Plaintiff has been released from prison, Heck still bars his claim. *See* Heck, 512 U.S. at 490 n.10 (stating that an action is barred even after the plaintiff has completed service of his sentence).  Although concurring and dissenting opinions in Spencer v. Kemna, 523 U.S. 1, 19, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) question the applicability of Heck to an individual who no longer has no recourse under the habeas statute, *see id.* at 19–20 (Souter, J., concurring for four justices), and *id.* at 25

Page 7 of 10

n.8 (Stevens, J., dissenting), these opinions do not alter the conclusion that <u>Heck</u> applies in Plaintiff's case.  The Supreme Court has admonished the lower federal courts "to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court 'the prerogative of overruling its own decisions.'"  <u>Figueroa v. Rivera</u>, 147 F.3d 77, 81 n.3 (1st Cir. 1998) (citing <u>Agostini v. Felton</u>, 521 U.S. 203, 237, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997)).  Moreover, unlike the circumstances at issue in <u>Spencer</u>, habeas corpus relief was available as a matter of law for Plaintiff during his incarceration with which to satisfy <u>Heck</u>'s favorable termination requirement. Indeed, Plaintiff did pose challenges to his conviction, though ultimately they were unsuccessful.  Thus the principles underlying the <u>Heck</u> holding govern this case despite Plaintiff's release.  *See* <u>Reilly v. Herrera</u>, 622 F. App'x 832 (11th Cir. 2015) (declining to allow plaintiff's claim to proceed on ground that habeas relief had become unavailable due to plaintiff's release when plaintiff had had ample opportunity during his incarceration to challenge convictions but failed to do so); <u>Christy v. Sheriff of Palm Beach Cnty., Fla</u>, 288 F. App'x 658, 666 (11th Cir. 2008) (declining to consider the assertion that <u>Heck</u> claim should be allowed to proceed

because federal habeas relief was unavailable); Vickers v. Donahue, 137 F. App'x 285, 287 (11th Cir. 2005) (same).

Even aside from the Heck issue, Plaintiff's claims are subject to dismissal because of the passing of the statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); *see* Owens v. Okure, 488 U.S. 235, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); *see also* Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011); Ellison v. Lester, 275 F. App'x 900, 901 (11th Cir. 2008).

Although the length of the statute of limitations is resolved by reference to state law, the accrual date of a § 1983 action is governed by federal law. Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal

law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). Arguably, Plaintiff was aware of his claims during the times of his criminal conviction, appeals, and post-conviction proceedings during the 1990's and early in the 2000's; thus, the statute of limitations expired on his claims long ago. Even considering the latest possible date at which the limitations period could conceivably be found to have commenced under Heck—the date of Plaintiff's release from prison in August of 2011—his complaint was still filed years after the expiration of the limitations period. Accordingly, because it is facially clear that Plaintiff's claims are beyond the statute of limitations, and under no set of facts could Plaintiff avoid the limitations bar, his claims are subject to dismissal.

    Accordingly, it respectfully **RECOMMENDED**:

    That the amended complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 22<u>nd</u> day of December 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**